**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| )  | |
| Plaintiff,   ) | **CRIMINAL ACTION** |
| ) | |
| v.   ) | No.  04-10235-MLB |
| ) | |
| CHAD L. ESSER,   ) | |
| ) | |
| Defendant.   ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to suppress evidence seized during the execution of a search warrant. (Doc. 11).  The motion has been fully briefed, and the court conducted an evidentiary hearing on February 16, 2005.  (Docs. 11, 12). Defendant's motion is DENIED for reasons set forth herein.

**I.  Facts**

On May 13, 2004, defendant visited his pit bull at an animal shelter in Dodge City, Kansas.  The pit bull was scheduled to be destroyed the next morning since it had previously attacked a child. During the visit defendant was acting "extremely violently angry" and "really strange."  (Doc. 11, exh. C at 5).  That evening, or in the early morning of May 14, the shelter was burglarized and the pit bull turned up missing.

In the early morning hours of May 15, 2004, officers observed items from the burglary in defendant's truck.  Detective Coil knocked on defendant's apartment door and asked permission to search his home and truck for items related to the burglary.  Defendant declined to consent to the search.  Defendant appeared to be groggy and

disoriented.

Detective Coil sought a search warrant from district judge Van Z. Hampton.  Coil informed the judge that a credible source, Lee Andrews, the maintenance person for defendant's apartment complex, told fellow officers of the presence of at least four firearms in defendant's apartment.  Andrews had observed the presence of an automatic weapon and a weapon with a silencer. Andrews had some off-duty behavior issues but he had always been honest with detective Coil and Captain Diveleiss, who also testified at the hearing.  Neither officer knew that Andrews had been previously charged, but not convicted, of writing a bad check.  Detective Coil also informed the judge of defendant's violent and strange behavior at the animal shelter and that the shelter reported that large quantities of narcotics were missing.  Officers were concerned for their safety because of the awkward location of defendant's basement apartment.

The judge authorized a no-knock search warrant after listening to all of the evidence "due to the credible report of firearms being present."  (Doc. 11, exh. C at 17).  Detective Coil and his team executed the search warrant without knocking and announcing their presence.  The officers seized firearms and a large amount of controlled substances during the search.  Defendant was arrested and still appeared to be disoriented and groggy.

Defendant moves to suppress the evidence seized on the basis that the execution of the no-knock warrant violated his Fourth Amendment rights.

**II. Analysis**

Defendant has the burden of proof when a search or seizure is

executed pursuant to a warrant.  U.S. v. Carhee, 27 F.3d 1493, 1496 (10th Cir. 1994)(citing United States v. Crocker, 510 F.2d 1129, 1135 (10th Cir. 1975).[1]  The search in this case was executed by state officers acting on a warrant issued by a state court. Thus, the officers' entry was legal if it met the reasonableness standard under the Fourth Amendment.  See United States v. Mitchell, 783 F.2d 971, 974 (10th Cir.), cert. denied, 479 U.S. 860 (1986).  In determining whether a no-knock execution is reasonable, the Tenth Circuit requires the district court to look at the totality of circumstances.  United States v. Colonna, 360 F.3d 1169, 1176 (10th Cir. 2004).  While the "mere likelihood that drugs or weapons will be found at a particular premises does not justify a no-knock . . . execution of a search warrant," the court must determine whether the police had a reasonable suspicion that knocking and announcing their presence would be dangerous.  In Colonna, the Tenth Circuit upheld a no-knock entry after determining that the officers had reasonable apprehension because the defendant had two prior felonies, had been violent and very aggressive in the past with officers, and children lived in the area.

In issuing the no-knock warrant, Judge Hampton, a judicial officer for more than ten years, determined that a no-knock warrant was necessary.  A reliable informant had observed at least four weapons

---

[1] At the hearing, defendant argued that he had made a "prima facie showing" and thus did not have any burden with respect to his motion. He cited no case discussing such a "prima facie showing" and the court is unaware of one. Perhaps defendant is confusing the issue of standing. Clearly defendant possessed standing to object to the search of his apartment and the government did not claim otherwise. But standing, alone, does not shift the burden of challenging a warrant search from defendant to the government.

in defendant's apartment, defendant was suspected of burglary, a vicious dog could be in the apartment and defendant had been acting violent at the shelter. Furthermore, officers knew that defendant had a prior drug felony conviction, was a current drug abuser, and had been charged with possession of explosives. While a statement, standing alone, that firearms are present is insufficient, the government has demonstrated that the firearms, coupled with the additional safety issues, presented a reasonable concern for the officers' safety. U.S. v. Moore, 91 F.3d 96, 98 (10th Cir. 1996). In the absence of evidence to the contrary (which defendant had the burden to produce), the court will assume that an experienced state judge considered the totality of the circumstances before issuing a "no-knock" warrant.  The fact that Judge Hampton did not detail all of the aforesaid factors on the face of the warrant does not mean that he did not consider them.

Defendant argues that Andrews was not credible.  However, both officers testified that Andrews had always been honest and they were unaware of any prior acts of dishonesty.  Defendant also asserts that the officers' belief that they were in danger was unreasonable in light of the fact that the officers had previously approached the apartment and, presumably because they were not fired upon, had no reason to be in fear for their safety.  Contrary to this assertion, Detective Coil testified that defendant's knowledge that the officers might return made him more concerned for his safety.

No Fourth Amendment violation has been shown. Defendant's motion to suppress is DENIED.

IT IS SO ORDERED.

Dated this __22nd__ day of February 2005, at Wichita, Kansas.

<pre>
                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE
</pre>